State *v.* Berry.

THE STATE *versus* JOSIAH BERRY.

The location of a town or private way by the selectmen, or their order, must precede the issuing of the warrant to call the meeting for its acceptance.

A town or private way cannot be proved by parol, to sustain an indictment against an individual for obstructing it. The law on this subject was not changed by the Rev. St. c. 25, § 101.

The records of a town which are not admissible to prove the existence of a legal town way, cannot be admitted to show the limits, or outside lines, of the road, although it may have been proved that a road had been actually travelled somewhere within those limits for more than twenty years.

EXCEPTIONS from the Western District Court, GOODENOW, J. presiding.

State *v.* Berry.

At the October term of the Court, 1841, there was an indictment found against said Berry, wherein the jurors presented, " that there is now, and long before and at the time of the obstruction and nuisance hereinafter named, there was a town way in the town of Buxton, in said county, leading from the Scribner schoolhouse, so called, southeasterly to the dwellinghouse of Elisha Woodman, of the length of one hundred rods, and of the breadth of three rods; for all the citizens of said town to go, return, pass and repass, in and along the same at their will and pleasure." The jurors also in the indictment presented that the defendant, on May 1, 1841, unlawfully, &c. erected a fence upon a part of said way, of the length of twelve rods, and continued the fence until the present time and thereby obstructed the way, whereby, &c.

At the February term of this Court, 1842, the trial of said indictment was commenced, and to support the same the County Attorney offered the records of the town of Buxton in relation to a way. The counsel for the defendant objected to the admission thereof, because there was no article in the warrant calling the town meeting, when the doings of the selectmen were accepted by the town, authorizing such acceptance ; because the warrant calling the meeting preceded the laying out of the way by the selectmen ; and because the laying out and acceptance was on a condition to be afterwards performed. The County Attorney then offered to prove, that said condition was performed so far as respected the money to be paid ; that the way or road described in the indictment had been travelled and used as a road for more than twenty years next before the erection of said fence by said Berry, and that the private way described in the records of the town covered the same land described as a town road in the indictment ; and that said town of Buxton had repeatedly, within the last six years and before, made repairs on said way. The alleged road extended from a public road near to the house of an inhabitant of said town, about one hundred and six rods, and there terminated, without communicating with any other road at that end.

The counsel for the defendant renewed his objections before made; and also contended, that if it were shown, that there was at the time a legal " private way" for the use of one or more individual inhabitants, that this would not be sufficient to maintain the indictment for erecting a nuisance upon a town road.

The counsel for the defendant further contended, that to maintain an indictment for the obstruction of a town way, it must be shown, that such town way was laid out and established, pursuant to the statute provisions of this State or of the State of Massachusetts, before Maine was a separate State, and that proof that the same had been travelled and used as such town way for more than twenty years next before the erection of the fence, was not sufficient evidence of the existence of the road set forth in the indictment to maintain the same; and that therefore such evidence was not admissible.

The District Judge presiding at the trial, thereupon ruled, that if it were proved, to the satisfaction of the jury that the town way described in the indictment had been used and travelled as a road for more than twenty years next before the erection of said fence, that this was sufficient evidence, with the other testimony offered, of the existence of the town way to maintain the indictment; and that the evidence offered for that purpose was admissible.

And the presiding Judge further ruled, that although the records of the town of Buxton, offered in evidence, *were not* sufficient to prove the existence of a legal town way laid out pursuant to the statute provisions, yet that they were admissible, with the evidence that the town way described in the indictment had been travelled and used as a road for more than twenty years next before the fence was erected, for the purpose of showing the limits, or outside lines of the road, if it should appear, that the road proved to have been used and travelled was within the limits of that described in the town records.

To the rulings of the presiding Judge, Berry excepted.

A meeting of the town of Buxton was regularly called on June 6, 1814. One article in the warrant was to see whether the town would exchange certain land with J. W., " for lands for a road from his house out to the county road leading to Saco." The subject of roads was not mentioned in any other article. This meeting was adjourned until the last Monday in November; and on that day it was voted to accept " the return of a road laid out by the selectmen." This return was dated Nov. 15, 1814, and states that : — " Pursuant to the request of J. W. and others, we have laid out a private way for his and their use as follows," describing the way. The return states, that the way is laid out on condition that certain land should be exchanged, but which has never yet been done, and on condition that a certain sum should be paid.

*J. Shepley*, for the defendant, contended : —

That the records of the town offered, are inadmissible to show that a " town way" was legally laid out.

Because there was no article in the warrant calling the town meeting, which authorized the acceptance of this or of any other road. *Keen* v. *Stetson*, 5 Pick. 492 ; *Rowell* v. *Montville*, 4 Greenl. 270. Because the location of a town or private way by the selectmen, or their order, must precede the issuing of the warrant to call the meeting for its acceptance. *Jordan* v. *Eldridge*, 16 Maine R. 301. And because the laying out was on conditions to be performed afterwards, and which have never been performed.

No indictment can be maintained against an individual for fencing up a " town way" by proof that the same has been travelled and used as such for more than twenty years. The indictment is for fencing in a part of the way, and preventing people from travelling there. The indictment does not allege that obstructions were placed to endanger the lives of travellers, or even that travelling in the usual place was prevented. *State* v. *Sturdivant*, 18 Maine R. 66 ; *Comm.* v. *Low*, 3 Pick. 408.

The ruling of the Judge does not place the question solely on the proof of usage, but says that, with the other evidence offered, was sufficient. No part of the evidence offered was admissible; and if admissible, could be of no avail to make an illegal transaction legal. The ruling at the trial was on the ground, that the Rev. St. c. 25, § 101, had altered the law as laid down in the case, *State* v. *Sturdivant*. It is unnecessary to give all the reasons obviously applicable, to show this ruling erroneous. It is enough to say, that although the statute may estop a county, town or plantation from denying the location of the road, if worked on by the town or plantation authorities within six years next preceding, the statute.does not estop an individual. Although the word indictment is used in the first line, all the rest of the section shows that it applies only to actions for damages sustained by travelling on an actual road, whether legal or not. The working on the road is to be within six years, and may be within a month, a week, or a day. If the ruling of the Judge be correct, it necessarily follows, that if a highway surveyor should go, and open a road, and work upon it, through the field of one of the jurors while here attending Court, he would be subject to indictment, if he put up his fence on his return home.

But this was a mere straightening of the fence and it did not touch the travelled part of the road. Mere usage would not carry the road to the fence. To do this, the government offered the record of the laying out by the town to show the extent or side lines of the road, and thus bring the fence within it. For this purpose, the records were admitted by the Judge. The proposition · seems to be this, that although no road was legally laid out, and the records are inadmissible to show the existence of a road, yet they are admissible to show where a road is. The same question was however raised once before, and the decision was against the admission. *Young* v. *Garland*, 18 Maine R. 409.

But if it were proved, that there was a "private way" laid out for the use of individuals, it would not support an indictment for obstructing a "town way." They are not the same·

but different. The Rev. St. c. 25, § 27, varies a little from the statutes of Massachusetts and Maine, but in substance is the same. *Mann* v. *Marston,* 3 Fairf. 35 & 38.

*Bridges,* Attorney General, for the State.

The records are clearly admissible in evidence for what they are worth. The owners of the land were assenting to the road; and the assent of the owners cures the objections made in behalf of the defendant. The conditions were waived by the assent. The record was evidence of the extent of the claim. *Robinson* v. *Swett,* 3 Greenl. 316.

If we do not show a legal laying out of the road, it is clear that the town had a right to repair, and that they cannot deny that it is a road. It will not be denied on the other side, that the town would be liable for not keeping this road in repair. Now if this be true, there would be great injustice in not affording a remedy by indictment against an individual who has placed the nuisance in the road, which caused the indictment. The legislature have regard to the fitness of things in enacting laws, and could never have intended to subject towns to the burden of supporting roads, and to subject them to indictment for the omission, and still suffer individuals to do the acts, which occasioned the indictment, at their pleasure, without any power to punish them.

The case of the *State* v. *Sturdivant,* would have been differently decided, if it had come before the Court since the Revised Statutes took effect. The statute was intended by the framers of it to control that decision; and the cases referred to in the margin prove it.

On the last day of the same term, the Court, by TENNEY J. remarked, that the records offered in evidence were clearly inadmissible for several reasons; of which a sufficient one is, that the road was not laid out until after the meeting was called at which the report was accepted.

A town or private way cannot be proved by parol, to sustain an indictment against an individual for obstructing it. This is well settled, and not now an open question.

The records are inadmissible for any purpose ; and of course, the extent of the travelled road cannot be proved by them.

But it is contended by the counsel for the State, that the law has been altered by the Revised Statutes. The section referred to cannot be extended farther, than its terms indicate. This case does not come within its provisions.

*The exceptions are sustained.*